Filed 10/2/15  P. v. Fullbright CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B260389 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA028554) |
| v. | |
| DEREK FULLBRIGHT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, William C. Ryan, Judge.  Reversed and remanded.

California Appellate Project, Jonathan B. Steiner, Executive Director, Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Derek Todd Fullbright (appellant), was convicted in 1998 of dissuading a witness (Pen. Code,[1] § section 136.1, subd. (c)(1), Count I), criminal threats (§ 422, Count II), and battery on a peace officer (§ 243, subd. (c), Count III).  The allegation that appellant suffered two prior strike convictions was found to be true (§§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d) ("Three Strikes" law).  The trial court sentenced appellant to a total term of 50 years to life in prison, comprised of consecutive terms of 25-years-to-life on Counts I and III, pursuant to the Three Strikes law.  The trial court imposed and stayed a term of 25-years-to-life on Count II, the criminal threats count.

Appellant filed a petition under section 1170.126 (Proposition 36) for recall of sentence in the trial court asking it to resentence him on Count III—the battery of a peace officer count.  The trial court denied the motion on the ground that appellant was ineligible for relief because one of his current convictions was listed as a serious felony. (§ 1192.7, subd. (c)(37).)

On appeal, appellant contends that he is eligible for resentencing on Counts I and III.  We hold that because appellant's dissuading a witness conviction was listed as a serious felony on the date of the enactment of Proposition 36, appellant is ineligible for relief on Count I.  We remand the matter to the trial court to make a discretionary determination as to whether appellant poses an unreasonable risk of danger to public safety under section 1170.126, subdivision (f) as to the battery of a peace officer conviction—Count III, which is not listed in section 667.5, subdivision (c) or section 1192.7, subdivision (c) as a serious or violent felony.

---

[1]     All further statutory references are to the Penal Code.

# BACKGROUND

In 1998, in Los Angeles County Superior Court case number LA028554, a jury convicted appellant of dissuading a witness (§ section 136.1, subd. (c)(1), Count I), criminal threats (§ 422, Count II), and battery on a peace officer (§ 243, subd. (c), Count III). The jury found true the allegation that appellant had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced appellant to a total of 50 years to life in prison, comprised of consecutive terms of 25-years-to-life on Counts I and III, pursuant to the Three Strikes law. The trial court imposed and stayed a term of 25-years-to-life on Count II, the criminal threats Count.

On April 27, 1999, this court affirmed appellant's conviction in case number B120171. We grant respondent's request that this court take judicial notice of our own files in case number B120171. In our opinion in case number B120171, we set forth the facts. Appellant was begging outside a store. The manager called the police. Appellant left before the police officer arrived. The manager found appellant behind the store. Appellant rode his bike into the manager, asked if the manager wanted to fight him, and said repeatedly if the manager called the police he would kill the manager. A police officer stopped appellant to investigate a possible battery. Appellant said he would kill the manager for calling the police. Appellant resisted the police officer by trying to hit him. They then wrestled on the ground. The officer suffered some injuries.

Appellant filed a petition for recall of sentence in the trial court, asking the trial court to resentence him on Count III.[2] On November 5, 2014, the trial court considered and denied the petition, concluding that appellant was ineligible for relief under section 1170.126, because one of his current convictions was for a serious felony.

---

[2] Defendant had filed a petition for recall, acting in propia persona, and a day later filed a petition for recall represented by counsel.

3

## DISCUSSION

Appellant contends that the trial court erred by determining that his prior conviction for dissuading a witness by force or threat (§ 136.1, subd. (c)(1), Count I), rendered him ineligible for resentencing under section 1170.126 because the offense was not listed as a serious or violent felony on the date of its commission by appellant.[3]

On July 2, 2015, our Supreme Court in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*) held that the determination under section 1170.126 of whether an appellant is disqualified from a recall of his sentence is based on whether the offense in question was listed a serious or violent felony on the effective date of section 1170.126, which was November 7, 2012. Because appellant's dissuading a witness conviction was a serious felony (§ 1192.7, subd. (c)(37)) on November 7, 2012, appellant is ineligible for resentencing.

Appellant contends that he is eligible to be resentenced on Count III because battery on a peace officer is not a serious or violent felony. In *Johnson, supra,* 61 Cal.4th at page 695, the California Supreme Court said that under section 1170.126, "resentencing is allowed with respect to a count that is neither serious nor violent." Because appellant's conviction for battery on a peace officer (Count III) is not a serious or violent felony listed in sections 667.5, subdivision (c) or 1192.7, subdivision (c) and there is no indication of any other disqualifying factor, appellant is eligible to be resentenced on that count.

---

[3]   Although defendant did not ask the trial court to resentence him on Count I, we exercise our discretion to consider the issue because it involves a question of law that can be resolved on undisputed facts and evidence. (*Garcia v. County of Sacramento* (2002) 103 Cal.App.4th 67, 78, fn. 6.)

## DISPOSITION

The matter is reversed and remanded to the trial court for it to make a discretionary determination as to whether appellant poses an unreasonable risk to public safety under section 1170.126, subdivision (f) as to Count III, and if not, to recall the sentence on that count and resentence appellant.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

BAKER, J.